**EXHIBIT D**

2012-75157 / Court: 080

NO. _____

| | | |
|---|---|---|
| JOHN F. SULLIVAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MICHAEL DONATO AND THE CITY OF | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| | § | |
| *Defendants.* | § | ____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, John F. Sullivan, ("Plaintiff") files this his Original Petition complaining of Defendants Michael Donato ("Defendant Donato") and the City of Houston Police Department ("the City") (collectively, "Defendants").

### A. PARTIES

1.      Plaintiff is a resident of Harris County, Texas.

2.      Defendant Donato is a resident of Harris County, Texas and may be served with process at the place of his employment, the City of Houston Police Department, 1200 Travis, Suite 2001, Houston, Texas, 77002.

3.      Defendant, the City of Houston, may be served with process at 611 Walker, 13th Floor, Houston, Texas 77002.

### B. JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.      Venue is proper pursuant to Texas Civil Practice & Remedies Code ("TCPRC") §15.002(a)(1) because a substantial part of the events giving rise to Plaintiff's cause of action occurred in Harris County. Venue is also proper in Harris County under TCPRC §15.002 (a)(4)

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 1 of 7

because Defendant Donato resided in Harris County at the time of the events giving rise to this cause of action. Venue is also proper, and indeed mandatory, in Harris Country under TCPRC § 15.017 because Defendant Donato's defamation against Plaintiff occurred in Harris County, Texas.

## C. BACKGROUND FACTS

6.      On December 23, 2010 at approximately 10:00 p.m., Plaintiff and his wife drove north-bound on Kirby Drive abiding by all traffic laws.  Plaintiff put on his left turn signal to indicate his intent to turn onto Del Monte Drive.   Although there is a "no U-turn" sign in the esplanade on Kirby Drive, Plaintiff did not intend to make a U-turn onto Kirby Drive, but a left turn onto Del Monte Drive.

7.      Immediately after turning safely onto Del Monte Drive, a Houston Police Department ("HPD") vehicle turned on flashing lights and stopped Plaintiff's vehicle. Defendant Donato soon appeared at Plaintiff's driver's side window, and Plaintiff immediately presented his driver's license and proof of insurance.

8.      Defendant Donato accused Plaintiff of making an illegal U-turn.  Plaintiff's wife, in the front passenger seat, began to tell him that they had not made a U-turn but a left turn. Defendant Donato was rude to her, and Plaintiff told his wife that he would handle the situation. Defendant Donato told Plaintiff to get out of his car, and directed Plaintiff to the driver's side of his HPD vehicle, out of the sight of Plaintiff's wife, who had been instructed to stay in her car.

9.      When Plaintiff attempted to explain to Defendant Donato that his turn was a legal left turn and not an illegal U-turn, Defendant Donato became irritated and angry.  In spite, he told Plaintiff that he wanted him to submit to a field sobriety test.  Plaintiff was in no way intoxicated (having had only a glass of wine at a family Christmas party), but because Defendant Donato was becoming more upset and his behavior more unprofessional, Plaintiff

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 2 of 7

suspected his motives and refused to submit to the test. Defendant Donato then said that he was putting Plaintiff under arrest. Surprised, Plaintiff said that he wanted his wife to be brought into the situation so she would know what was happening. Defendant Donato refused and became even more upset. He violently thrust Plaintiffs arms behind his back and put handcuffs upon him in an intentionally abusive manner. He pulled Plaintiff's arms up behind his back once the cuffs were tightened, so that they were cutting into Plaintiff's skin. Defendant Donato then pushed Plaintiff into the back seat of the HPD vehicle and drove him to the police station downtown.

10.     On the way to the station, Defendant Donato began cursing at Plaintiff vociferously despite Plaintiff's complete silence. Donato stated, punctuated by cursing, that he would not have arrested Plaintiff had he showed him more respect. Yet, Plaintiff did nothing to disrespect Defendant Donato. He did not ever use a curse word and only tried to explain his actions in making the left turn. For whatever reason, it appeared that Defendant Donato had developed a personal vendetta against Plaintiff.

11.     Once Defendant Donato's vehicle arrived at the Houston Police Department downtown, he parked, got out, opened the back door and told Plaintiff to get out. As Plaintiff stood up, Defendant Donato violent pushed Plaintiff forward as he cursed him again. Although, Plaintiff lunged forward from the shove, he did not fall (but certainly would have if he had been the least bit inebriated.)

12.     Defendant Donato brought Plaintiff into the booking station where he cuffed him to an eye hook on a bench while Officer Donato filled out paper while still periodically cussing at Plaintiff. Plaintiff continued to remain silent.

13.     Defendant Donato then took Plaintiff into a room to be interviewed on video tape with another officer present. Plaintiff tried to answer their questions, but when Defendant

3

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 3 of 7

Donato interjected with false accusations and began badgering Plaintiff, he responded that Officer Donato had physically and verbally mistreated him, had acted unprofessionally and had abused his authority as a police officer. Officer Donato then told the other officer to turn off the video recorder and came close to Plaintiff and threatened him by saying "if you do something like that it again, it's over for you." Plaintiff asked him why he did not allow the video player to continue as he made this threat.

14.     Officer Donato then had Plaintiff booked, finger printed, photographed and taken to jail on false charges. Plaintiff's wife had a sleepless night and posted a cash bond to have Plaintiff released to his family the next day, Christmas Eve.

15.     Plaintiff had to hire a criminal defense lawyer to defend himself from the false charges. Once the assistant District Attorney ("DA") reviewed the case, he decided to dismiss all charges for insufficient evidence. On the motion to dismiss, he wrote that:

> *"Defendant [Plaintiff here] doesn't look intoxicated on video—engages in intelligent argument. No SFSTs. No BT. No slurred speech. See memo in State's file for more. P. Gommes spoke with Officer Donato 4/18/11. PMG"*

16.     Unfortunately, Plaintiff's drivers' license was automatically suspended by the false charges, even though they had been dismissed. At the administrative hearing on May 23, 2011, however, Defendant Donato came to the hearing to testify for the Texas Department of Public Safety ("TDPS") in order to try to justify his wrongful actions and to further the personal vendetta he had developed toward Plaintiff. He sought to have his license suspended for six months.

4

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 4 of 7

17.     At the administrative hearing, Defendant Donato took the stand perjured himself and publicly defamed Plaintiff. Notwithstanding this, the administrative judge still ruled in Plaintiff's favor finding Defendant Donato's fabricated version of events to not be persuasive:

> *"Having considered the evidence, the Judge finds the following issues/ elements were not proven by a preponderance of the evidence: There are insufficient articulable facts to support detention for a DWI investigation and/or probable cause to arrest Defendant."*

18.     Ultimately, with the agreement of all relevant parties, including HPD and TDPS, an Agreed Order of Expunction was filed and entered by the district court.

19.     Plaintiff suffered damages that were proximately caused by the wrongful acts of Defendants.

## D.     CLAIMS

### 1.   False Arrest and False Imprisonment

20.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19. Defendant Donato made a traffic stop of Plaintiff's vehicle without sufficient cause. Defendant Donato then wrongly detained, arrested and imprisoned Plaintiff, all under false pretenses and for improper motives. Defendant Donato abused his authority as a police officer for the HPD. These wrongful actions proximately caused damage to Plaintiff.

### 2.   Assault

21.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19. Defendant Donato physically and verbally assaulted Plaintiff proximately causing him damages.

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 5 of 7

### 3. *Invasion of Privacy*

22.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19.  Defendant Donato intentionally interfered with Plaintiff's privacy, solitude and seclusion, and his actions in doing so would be highly offensive in their nature to a reasonable person.  This invasion of privacy proximately caused damage to Plaintiff.

### 4. *Intentional Infliction of Emotional Distress*

23.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19.  Defendant Donato intentionally abused his authority as a police officer to falsely detain, arrest, imprison, assault and defame Plaintiff to pursue a personal vendetta against Plaintiff and this conduct is outrageous in nature.  This proximately caused damage to Plaintiff.

### 5. *Defamation*

24.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19.  Defendant Donato defamed Plaintiff and his reputation by making false statements about Plaintiff or his character and published the false statements and intended and/ or was negligent that they harm Plaintiff and his reputation.  Defendant Donato is guilty of both libel and slander.  This defamation proximately caused damage to Plaintiff.

### 6. *Violation of Civil Rights – 42 USC § 1983*

24.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19.  Under color of law, Officer Donato violated Plaintiff's constitutional rights against unlawful search and seizure, from abuse of authority, from assault by government actors and from false detention, arrest and imprisonment   These violations proximately caused damage to Plaintiff.

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 6 of 7

## E. VICARIOUS LIABILITY

25.     Defendant Donato's wrongful actions, detailed above, were all undertaken while in the course and scope of his employment for the City or HPD. Therefore, Defendant, the City of Houston Police Department, is vicariously liable for all of his wrongful conduct under the doctrine of *respondeat superior.*

## F. DAMAGES

26.     Defendants are liable to plaintiffs for actual, consequential, incidental, and exemplary damages.

## G. JURY DEMAND

Plaintiff demands a trial by jury.

## H. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose all of the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 194.2.

Respectfully submitted,

**WATT BECKWORTH THOMPSON
HENNEMAN & SULLIVAN LLP**

By:___/s/ Brad Kirklin_____
        Brad Kirklin
        State Bar No. 24046222
        1800 Pennzoil Place, South Tower
        711 Louisiana Street
        Houston, Texas 77002
        Telephone: (713) 650-8100
        Facsimile: (713) 650-8141

**ATTORNEY FOR PLAINTIFF**

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275799 - Page 7 of 7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:        54275799 Total Pages: 7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 2012-75157 / Court: 080   COURT *(FOR CLERK USE ONLY)*:

STYLED John Sullivan v. Michael Donato and The City of Houston Police

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Bradley M. Kirklin | Email:<br><br>bkirklin@wattbeckworth.com | Plaintiff(s)/Petitioner(s):<br><br>John Sullivan | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br><br>711 Louisiana, Suite 1800 | Telephone:<br><br>713-333-9134 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>Houston, TX 77002 | Fax:<br><br>713-650-8141 | Defendant(s)/Respondent(s):<br><br>Michael Donato<br><br>The City of Houston Police Department | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>24046222 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☑ Assault/Battery<br>☐ Construction<br>☑ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☑ Other Injury or Damage:<br>False Imprisonment | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

For Official Governmental Use Only - Do Not Disseminate to the Public: 54275798 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:        54275798 Total Pages: 1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE : 12/26/2012

For Official Governmental Use Only - Do Not Disseminate to the Public: 54366259 - Page 1 of 1

## CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

### CIVIL PROCESS PICK-UP FORM

CAUSE NUMBER: **2012 75157**

ATY _✓_    CIV_____    COURT _80_

| REQUESTING ATTORNEY/FIRM NOTIFICATION | |
|---|---|
| Attorney: Bradley McMahon Kirklan | Phone: 713 650 8100 |
| Civil Process Server/Filer: Leslie M Pauls | Phone: " " |
| Attorney/Firm Notified Service Ready: left voicemail @ 3:05 | Date: **December 26, 2012** |
| Contacted By: **Nelson Cuero** _Deputy District Clerk_ | |
| 30th day after date of Issuance **01-26-2013** | |

| Type of Service Document: CITR | Tracking number: 72858890 |
|---|---|
| Type of Service Document: CITC | Tracking number: 72858842 |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |
| Type of Service Document: _____ | Tracking number: _____ |

The above process papers were prepared by: *Nelson Cuero*
_Deputy District Clerk_

On this the __26th__ day of ____December____ __2012__,

Process papers released to: _____

Process papers released by: _____

On this the _4_ day of __Jan__, 2013 at _1:32_ AM/PM



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:        54366259 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

NO. 2012-75157

| | | |
|---|---|---|
| JOHN F. SULLIVAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| MICHAEL DONATO and THE CITY of | § | |
| HOUSTON, | § | |
| | § | |
| *Defendants.* | § | 80TH JUDICIAL DISTRICT |

---

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

---

Plaintiff, John F. Sullivan, ("Plaintiff") files this his Original Petition complaining of Defendants Michael Donato ("Defendant Donato") and the City of Houston ("the City") (collectively, "Defendants").

### I.    PARTIES

1.    Plaintiff is a resident of Harris County, Texas.

2.    Defendant Donato is a resident of Harris County, Texas and was served with process at his place of employment on January 8, 2013 at 1:48 p.m.

3.    Defendant, the City of Houston, may be served with process by serving a true copy of the citation and petition upon its registered agent for service, Ms. Anna Russell, Office of the City Secretary, City Hall Annex, 901 Bagby, Room P101, Houston, Texas 77002. Telephone (832) 393-1100.

### II.    JURISDICTION AND VENUE

4.    The Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

5.    Venue is proper pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because a substantial part of the events giving rise to Plaintiff's cause of action occurred in

{00116022.DOCX }

Harris County. Venue is also proper in Harris County under TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(4) because Defendant Donato resided in Harris County at the time of the events giving rise to this cause of action. Venue is also proper, and indeed mandatory, in Harris Country under TEX. CIV. PRAC. & REM. CODE § 15.017 because Defendant Donato's defamation against Plaintiff occurred in Harris County, Texas.

### III.   BACKGROUND FACTS

6.      On December 23, 2010 at approximately 10:00 p.m., Plaintiff and his wife drove north-bound on Kirby Drive, abiding by all traffic laws. Plaintiff put on his left turn signal to indicate his intent to turn onto Del Monte Drive. Although there is a "no U-turn" sign in the esplanade on Kirby Drive, Plaintiff did not intend to make a U-turn onto Kirby Drive, but a left turn onto Del Monte Drive.

7.      Immediately after turning safely onto Del Monte Drive, a Houston Police Department ("HPD") vehicle turned on flashing lights and stopped Plaintiff's vehicle. Defendant Donato soon appeared at Plaintiff's driver's side window, and Plaintiff immediately presented his driver's license and proof of insurance.

8.      Defendant Donato accused Plaintiff of making an illegal U-turn. Plaintiff's wife, in the front passenger seat, began to tell him that they had not made a U-turn but a left turn. Defendant Donato was rude to her, and Plaintiff told his wife that he would handle the situation. Defendant Donato told Plaintiff to get out of his car, and directed Plaintiff to the driver's side of his HPD vehicle, out of the sight of Plaintiff's wife, who had been instructed to stay in her car.

9.      When Plaintiff attempted to explain to Defendant Donato that his turn was a legal left turn and not an illegal U-turn, Defendant Donato became irritated and angry. In spite, he told Plaintiff that he wanted him to submit to a field sobriety test. Plaintiff was in no way intoxicated (having had only a glass of wine at a family Christmas party), but because Defendant

For Official Governmental Use Only - Do Not Disseminate to the Public: 54399839 - Page 2 of 7

{00116022.DOCX }                          2

Donato was becoming more upset and his behavior more unprofessional, Plaintiff suspected his motives and refused to submit to the test. Defendant Donato then said that he was putting Plaintiff under arrest. Surprised, Plaintiff said that he wanted his wife to be brought into the situation so she would know what was happening. Defendant Donato refused and became even more upset. He violently thrust Plaintiff's arms behind his back and put handcuffs upon him in an intentionally abusive manner. He pulled Plaintiff's arms up behind his back once the cuffs were tightened, so that they were cutting into Plaintiff's skin. Defendant Donato then pushed Plaintiff into the back seat of the HPD vehicle and drove him to the police station downtown.

10.     On the way to the station, Defendant Donato began cursing at Plaintiff vociferously despite Plaintiff's complete silence. Donato stated, punctuated by cursing, that he would not have arrested Plaintiff had he showed him more respect. Yet, Plaintiff did nothing to disrespect Defendant Donato. He did not ever use a curse word and only tried to explain his actions in making the left turn. For whatever reason, it appeared that Defendant Donato had developed a personal vendetta against Plaintiff.

11.     Once Defendant Donato's vehicle arrived at the Houston Police Department downtown, he parked, got out, opened the back door and told Plaintiff to get out. As Plaintiff stood up, Defendant Donato violently pushed Plaintiff forward as he cursed him again. Although, Plaintiff lunged forward from the shove, he did not fall (but certainly would have if he had been the least bit inebriated.).

12.     Defendant Donato brought Plaintiff into the booking station where he cuffed him to an eye hook on a bench while Officer Donato filled out paper while still periodically cussing at Plaintiff. Plaintiff continued to remain silent.

For Official Governmental Use Only - Do Not Disseminate to the Public: 54399839 - Page 3 of 7

13.     Defendant Donato then took Plaintiff into a room to be interviewed on videotape with another officer present. Plaintiff tried to answer their questions, but when Defendant Donato interjected with false accusations and began badgering Plaintiff, he responded that Officer Donato had physically and verbally mistreated him, had acted unprofessionally, and had abused his authority as a police officer. Officer Donato then told the other officer to turn off the video recorder then came close to Plaintiff and threatened him by saying "if you do something like that it again, it's over for you." Plaintiff asked him why he did not allow the video player to continue as he made this threat.

14.     Officer Donato then had Plaintiff booked, finger printed, photographed and taken to jail on false charges. Plaintiff's wife had a sleepless night and posted a cash bond to have Plaintiff released to his family the next day, Christmas Eve.

15.     Plaintiff had to hire a criminal defense lawyer to defend himself from the false charges. Once the assistant District Attorney ("DA") reviewed the case, he decided to dismiss all charges for insufficient evidence. On the motion to dismiss, he wrote that:

> *"Defendant* [Plaintiff here] *doesn't look intoxicated on video—engages in intelligent argument. No SFSTs. No BT. No slurred speech. See memo in State's file for more. P. Gommes spoke with Officer Donato 4/18/11. PMG"*

16.     Unfortunately, Plaintiff's drivers' license was automatically suspended by the false charges, even though they had been dismissed. At the administrative hearing on May 23, 2011, however, Defendant Donato came to the hearing to testify for the Texas Department of Public Safety ("TDPS") in order to try to justify his wrongful actions and to further the personal vendetta he had developed toward Plaintiff. He sought to have his license suspended for six months.

For Official Governmental Use Only - Do Not Disseminate to the Public: 54399839 - Page 4 of 7

17.     At the administrative hearing, Defendant Donato took the stand, perjured himself, and publicly defamed Plaintiff.  Notwithstanding this, the administrative judge still ruled in Plaintiff's favor finding Defendant Donato's fabricated version of events to not be persuasive:

> *"Having considered the evidence, the Judge finds the following issues/ elements were not proven by a preponderance of the evidence:  There are insufficient articulable facts to support detention for a DWI investigation and/or probable cause to arrest Defendant."*

18.     Ultimately, with the agreement of all relevant parties, including HPD and TDPS, an Agreed Order of Expunction was filed and entered by the district court.

19.     Plaintiff suffered damages that were proximately caused by the wrongful acts of Defendants.

## IV.     CLAIMS

### 1.  False Arrest and False Imprisonment

20.     Plaintiff incorporates all facts set forth in paragraphs 6 through 19.  Defendant Donato made a traffic stop of Plaintiff's vehicle without sufficient cause.  Defendant Donato then wrongly detained, arrested and imprisoned Plaintiff, all under false pretenses and for improper motives.  Defendant Donato abused his authority as a police officer for the HPD. These wrongful actions proximately caused damage to Plaintiff.

### 2.  Assault

21.     Plaintiff incorporates all facts set forth in paragraphs 6 through 20.  Defendant Donato physically and verbally assaulted Plaintiff proximately causing him damages.

### 3.  Invasion of Privacy

22.     Plaintiff incorporates all facts set forth in paragraphs 6 through 21.  Defendant Donato intentionally interfered with Plaintiff's privacy, solitude and seclusion, and his actions in

For Official Governmental Use Only - Do Not Disseminate to the Public: 54399839 - Page 5 of 7

doing so would be highly offensive in their nature to a reasonable person. This invasion of privacy proximately caused damage to Plaintiff.

### 4. Intentional Infliction of Emotional Distress

23.    Plaintiff incorporates all facts set forth in paragraphs 6 through 22. Defendant Donato intentionally abused his authority as a police officer to falsely detain, arrest, imprison, assault and defame Plaintiff to pursue a personal vendetta against Plaintiff and this conduct is outrageous in nature. This proximately caused damage to Plaintiff.

### 5. Defamation

24.    Plaintiff incorporates all facts set forth in paragraphs 6 through 23. Defendant Donato defamed Plaintiff and his reputation by making false statements about Plaintiff or his character and published the false statements and intended and/ or was negligent that they harm Plaintiff and his reputation. Defendant Donato is guilty of both libel and slander. This defamation proximately caused damage to Plaintiff.

## V.    VICARIOUS LIABILITY

25.    Defendant Donato's wrongful actions, detailed above, were all undertaken while in the course and scope of his employment for the City or HPD. Therefore, Defendant, the City of Houston Police Department, is vicariously liable for all of his wrongful conduct under the doctrine of *respondeat superior.*

## VI.    DAMAGES

26.    Defendants are liable to plaintiffs for actual, consequential, incidental, and exemplary damages.

## VII.    JURY DEMAND

27.    Plaintiff demands a trial by jury.

For Official Governmental Use Only - Do Not Disseminate to the Public: 54399839 - Page 6 of 7

## VIII.    REQUESTS FOR DISCLOSURE

28.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendants disclose all of the information and material described in Rule 194.2 of the Texas

Rules of Civil Procedure.  TEX. R. CIV. P. 194.2.

Respectfully submitted,

**WATT BECKWORTH THOMPSON
HENNEMAN & SULLIVAN LLP**

By:    /s/ Bradley M. Kirklin
Bradley M. Kirklin
State Bar No. 24046222
1800 Pennzoil Place, South Tower
711 Louisiana Street
Houston, Texas  77002
Telephone:  (713) 650-8100
Facsimile:  (713) 650-8141

**ATTORNEY FOR PLAINTIFF
JOHN F. SULLIVAN**

For Official Governmental Use Only - Do Not Disseminate to the Public: 5439839 - Page 7 of 7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:        54399839 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 201275157

COURT COPY
P2

RECEIPT NO. 451971      0.00      ATY
12-22-2012      TR # 72858890

PLAINTIFF: SULLIVAN, JOHN F
    vs.
DEFENDANT: DONATO, MICHAEL

In The 80th
Judicial District Court
of Harris County, Texas
80TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: DONATO, MICHAEL
    MAY BE SERVED AT THE PLACE OF HIS EMPLOYMENT THE CITY OF HOUSTON POLICE
    DEPARTMENT
    1200 TRAVIS SUITE 2001  HOUSTON TX 77002

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>22nd day of December, 2012</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of December, 2012, under my hand and
seal of said Court.

<u>Issued at request of:</u>
KIRKLIN, BRADLEY MCMAHON
711 LOUISIANA ST
HOUSTON, TX 77002
Tel: (713) 650-8100
<u>Bar No.</u>: 24046222

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CUERO, NELSON  7MM/YSW/9462602

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                    Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

**FILED**
Chris Daniel
District Clerk

JAN 1 4 2013

Time: _____
Harris County, Texas

_____ of _____ County, Texas

By _____

    Affiant    By _____
                   Deputy

                  Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

# AFFIDAVIT
# ATTACHED

N.INT.CITR.P

_____
Notary Public

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

For Official Government Use - Do Not Disseminate to the Public 54473148 - Page 1

# AFFIDAVIT OF SERVICE

## CAUSE NO. 2012-75157

| | | |
|---|---|---|
| **JOHN F. SULLIVAN,** <br> *Plaintiff,* | § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT** |
| **VS** | § <br> § | **OF HARRIS COUNTY, TEXAS** |
| **MICHAEL DONATO AND THE CITY OF** <br> **HOUSTON POLICE DEPARTMENT,** <br> *Defendants.* | § <br> § <br> § | **80TH JUDICIAL DISTRICT** |

The documents came to hand for service on: **the 7TH day of January, 2013, at 2:10 o'clock P.M.**

Documents received for service: **CITATION: PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on: **the 8TH day of January, 2013, at 2:45 o'clock P.M.**

To the following: **MICHAEL DONATO**

Executed at: **61 REISNER**
**HOUSTON, TX (HARRIS COUNTY) 77002**

_X_ PERSONALLY delivering the document (s) to the person above.

## AFFIDAVIT

I, the undersigned, certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the state of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above referenced cause.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

David A. Garza
4202 Sherwood, Houston TX 77092
Texas Server LIC#: SCH-502, Exp. 7-31-2014
Email: dgarza@republic-services.com, Phone: (713) 957-0094

## VERIFICATION

On this day David A. Garza appeared before me, a notary public, and being duly sworn by me stated that he has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct.

Given my hand and seal of office this _11th_ day of _January_ ,2013.

LOREN N. GONZALES
Notary Public, State of Texas
My Commission Expires
December 26, 2016

NOTARY PUBLIC FOR THE STATE OF TEXAS

For Official Governmental Use Only - Do Not Disseminate to the Public 54473458 Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:      54473438 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 201275157

RECEIPT   NO. 451971          0.00        ATY
          12-22-2012          TR # 72858890

PLAINTIFF: SULLIVAN, JOHN F                In The 80th
     vs.                                   Judicial District Court
DEFENDANT: DONATO, MICHAEL                 of Harris County, Texas
                                           80TH DISTRICT COURT
                                           Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: DONATO, MICHAEL
    MAY BE SERVED AT THE PLACE OF HIS EMPLOYMENT THE CITY OF HOUSTON POLICE
    DEPARTMENT
    1200 TRAVIS SUITE 2001  HOUSTON TX 77002


    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of December, 2012, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of December, 2012, under my hand and
seal of said Court.

Issued at request of:               CHRIS DANIEL, District Clerk
KIRKLIN, BRADLEY MCMAHON            Harris County, Texas
711 LOUISIANA ST                    201 Caroline     Houston, Texas 77002
HOUSTON, TX 77002                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 650-8100
Bar No.: 24046222                   GENERATED BY: CUERO, NELSON   7MM/YSW/9462602

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____ .M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____    copy(ies) of the
                                                                          Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

                    **FILED**
                    Chris Daniel
                    District Clerk

                    JAN 1 5 2013          _____ of _____ County, Texas

                    Time: _____
                    Harris County, Texas        By _____
          Affiant   By _____                     Deputy
                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

    * First Amended *
    **AFFIDAVIT**              _____
    **ATTACHED**                        Notary Public

    N.INT.CITR.F

                              **RECORDER'S MEMORANDUM**
                              This instrument is of poor quality
                              at the time of imaging

# FIRST AMENDED AFFIDAVIT OF SERVICE

## CAUSE NO. 2012-75157

| | | |
|---|---|---|
| JOHN F. SULLIVAN,<br>*Plaintiff,* | § § § § § | IN THE DISTRICT COURT |
| VS | § § | OF HARRIS COUNTY, TEXAS |
| MICHAEL DONATO AND THE CITY OF<br>HOUSTON POLICE DEPARTMENT,<br>*Defendants.* | § § § | <u>80TH</u> JUDICIAL DISTRICT |

The documents came to hand for service on: **the 7TH day of <u>January</u>, <u>2013</u>, at <u>2:10</u> o'clock <u>P.M.</u>**

Documents received for service: **CITATION: PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on: **the 8TH day of <u>January</u>, <u>2013</u>, at <u>2:45</u> o'clock <u>P.M.</u>**

To the following: **MICHAEL DONATO**

Executed at:    **61 RIESNER STREET**
                **HOUSTON, TX (HARRIS COUNTY) 77002**

<u>X</u>   PERSONALLY delivering the document (s) to the person above.

## AFFIDAVIT

I, the undersigned, certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the state of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above referenced cause.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

*AMENDED AFFIDAVIT DUE TO TYPO ON THE STRET NAME*

_____
David A. Garza
4202 Sherwood, Houston TX 77092
Texas Server LIC#: SCH-502, Exp. 7-31-2014
Email: dgarza@republic-services.com, Phone: (713) 957-0094

LINDY EVERRETT RICE
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
AUG. 19, 2016

## VERIFICATION

On this day <u>David A. Garza</u> appeared before me, a notary public, and being duly sworn by me stated that he has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct.

Given my hand and seal of office this ___15 day of ___January___, 2013.

_____
NOTARY PUBLIC FOR THE STATE OF TEXAS

For Official Government Use Only - Do Not Disseminate to the Public 56-9435-5935 Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 2, 2013

Certified Document Number:          54483693 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**